UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MICHAEL STRATECHUK**, individually
and as next friend of **KURT STRATECHUK**,
a minor, and **KARL STRATECHUK**, a minor,

Plaintiffs,

v.

**BOARD OF EDUCATION, SOUTH ORANGE-
MAPLEWOOD SCHOOL DISTRICT;
BRIAN F. O'LEARY**, in his official capacity
as Board President, Board of Education, South
Orange-Maplewood School District;
**PETER P. HOROSHAK**, in his official capacity
as Superintendent, South Orange-Maplewood
School District,

Defendants.

Case No. CV-6189

Hon. _WHW_

**COMPLAINT FOR DAMAGES,
DECLARATORY AND
INJUNCTIVE RELIEF
PURSUANT TO 42 U.S.C. § 1983**

---

THOMAS MORE LAW CENTER
By:     Robert J. Muise* (RM4002)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
(734) 827-2001
* Subject to admission *pro hac vice*

AMERICAN CATHOLIC LAWYERS
ASSOCIATION
By:     Christopher A. Ferrara (CF7123)
420 Route 46 East, Suite 7
Fairfield, NJ 07446
(973) 244-9895
*Local Counsel and Member of the Bar*

*Attorneys for Plaintiffs*

---

Plaintiffs, by and through their undersigned attorneys, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## ADDRESSES OF EACH NAMED PARTY

1.      Plaintiffs Michael, Kurt, and Karl Stratechuk reside at 3 Park Road, Maplewood, New Jersey, 07040.  The principal place of business of Defendants Board of Education, Brian F. O'Leary, and Peter P. Horoshak is 525 Academy Street, Maplewood, New Jersey, 07040.

## INTRODUCTORY STATEMENT

2.      This is a case asserting the fundamental constitutional rights of Plaintiffs.  It is a civil rights action brought pursuant to the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging the unconstitutional acts, policies, practices, and/or customs of Defendants.

3.      Plaintiffs seek a declaration that Defendants have deprived them of their constitutional rights guaranteed by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, a permanent injunction enjoining the enforcement of Defendants' policy, practice, and/or custom regarding religious music in the public schools of the School District of South Orange and Maplewood, New Jersey, and an award of nominal damages for the past loss of Plaintiffs' constitutional rights.  Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988.

4.      Plaintiffs' claim for damages is made pursuant to 42 U.S.C. § 1983.  Plaintiffs' prayer for relief regarding costs, including reasonable attorneys' fees, is authorized by 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5.        This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6.        Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

7.        Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

8.        Plaintiff Michael Stratechuk is an adult citizen of the United States and a resident of Maplewood, New Jersey.  He is the father and legal guardian of Plaintiffs Kurt and Karl Stratechuk.  Plaintiff Michael Stratechuk is a music teacher in the music department at Hunter College Campus Schools in Manhattan, New York, and a professional violinist and conductor. Plaintiff Michael Stratechuk is also a Christian.   Music is an essential component in the development and education of Plaintiff Michael Stratechuk's children.    Plaintiff Michael Stratechuk objects to Defendants' policy, practice, and/or custom of banning religious music in the district's public schools because this policy conveys the impermissible, government-sponsored message of disapproval of and hostility toward religion and it deprives his minor children the right to receive information and ideas, an inherent corollary of their rights to freedom of speech and academic freedom.

9.        Plaintiff Kurt Stratechuk is the minor son of Plaintiff Michael Stratechuk and a student in the ninth grade at Columbia High School in the South Orange-Maplewood School

3

District.  Plaintiff Kurt Stratechuk is a Christian, and he objects to Defendants' policy, practice, and/or custom of banning religious music in the district's public schools because this policy conveys the impermissible, government-sponsored message of disapproval of and hostility toward religion, and it deprives him the right to receive information and ideas, an inherent corollary of his rights to freedom of speech and academic freedom.

10.    Plaintiff Karl Stratechuk is the minor son of Plaintiff Michael Stratechuk and a student in the seventh grade at Maplewood Middle School in the South Orange-Maplewood School District.  Plaintiff Karl Stratechuk is a Christian, and he objects to Defendants' policy, practice, and/or custom of banning religious music in the district's public schools because this policy conveys the impermissible, government-sponsored message of disapproval of and hostility toward religion, and it deprives him the right to receive information and ideas, an inherent corollary of his rights to freedom of speech and academic freedom.

## DEFENDANTS

11.    Defendant Board of Education is the governing body of the South Orange-Maplewood School District and is responsible for creating, adopting, and implementing the policies, practices, and/or customs of the school district, including its policy, practice, and/or custom of banning religious music in the district's public schools.  At all relevant times, Defendant Board of Education was a "person" acting under color of state law as that phrase is used in 42 U.S.C. § 1983.

12.    Defendant Brian F. O'Leary is the Board President of Defendant Board of Education.  Defendant O'Leary is responsible for creating, adopting, and implementing the policies, practices, and/or customs of the school district, including its policy, practice, and/or custom of banning religious music in the district's public schools.  At all relevant times,

Defendant O'Leary was an agent, servant, and/or employee of Defendant Board of Education, acting under color of state law as that phrase is used in 42 U.S.C. § 1983. Defendant O'Leary is sued in his official capacity.

13.     Defendant Peter P. Horoschak is the Superintendent for the South Orange-Maplewood School District. Defendant Horoschak is responsible for creating, adopting, and implementing the policies, practices, and/or customs of the school district, including its policy, practice, and/or custom of banning religious music in the district's public schools. At all relevant times, Defendant Horoschak was an agent, servant, and/or employee of the South Orange-Maplewood School District, acting under color of state law as that phrase is used in 42 U.S.C. § 1983. Defendant Horoschak is sued in his official capacity.

## STATEMENT OF FACTS

14.     Prior to the 2004/2005 school year, Defendants allowed the inclusion of religious music in the districts' public schools and permitted students to learn about, listen to, and participate in the presentation of religious music, including traditional Christmas music, during curricular and co-curricular activities and events within the school district.

15.     In the 2004/2005 school year, however, Defendants created, adopted, and implemented a strict policy of banning all religious music, including instrumentals, from the public schools in the district. Pursuant to this policy, students and student groups are no longer permitted to learn about, listen to, and participate in the presentation of traditional Christmas music during such curricular and co-curricular events as year-end holiday concerts, assemblies, and recitals. As a result of this policy, religious music is banned from the public schools in the district and students, such as Plaintiffs Kurt and Karl Stratechuk, are denied the ability to learn about, listen to, and participate in the presentation of such music.

5

16. Religious music advances a students' knowledge and appreciation of the role that religion has played in the social, cultural, and historical development of civilization. By banning religious music, Defendants are contracting the spectrum of available knowledge and denying students access to the dissemination of information and ideas that are essential for their effective participation in our pluralistic society. Defendants' policy likewise denies an opportunity for students to learn about, listen to, and perform a full range of music that is likely to be of interest to them and their audience.

17. Religious music is properly a part of a comprehensive educational program. By specifically banning religious music, Defendants' policy serves no legitimate, secular educational purpose. Such a ban on religious music does not promote—indeed, it undermines—the provision of a comprehensive education program. Defendants' policy has the purpose and effect of conveying a message of disapproval of and hostility toward religion, including Christianity.

18. Defendants' policy was implemented to ban students and student groups from playing traditional Christmas music at various events during the 2004 Christmas holiday season, thereby conveying a message of disfavor of and hostility toward Christianity. For example, the Martin Luther King Gospel Choir, which had previously performed traditional Christmas religious music at the Columbia High School Holiday Assembly, has been banned from performing at this event pursuant to Defendants' policy. Similarly, the Brass Ensemble has been banned from performing any traditional Christmas songs and carols, including instrumentals.

19. By targeting religious music for censorship and disfavored treatment, Defendants' policy conveys the impermissible, government-sponsored message of disapproval of and hostility toward religion, particularly Christianity. As a result, Defendants' policy sends a clear

6

message to Plaintiffs and others who are religious adherents and who believe in religion, that they are outsiders, not full members of the political/school community, and Defendants' policy sends an accompanying message that those students and parents who are not adherents to any religion and who believe in no religion were insiders, favored members of the political/school community.

## FIRST CLAIM FOR RELIEF

### (Establishment Clause)

20.     Plaintiffs hereby incorporate by reference all above paragraphs.

21.     By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have conveyed the impermissible, government-sponsored message of disapproval of and hostility toward religion, including Christianity, in violation of the Establishment Clause of the First Amendment to the United States Constitution, as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

22.     As a direct and proximate result of Defendants' violation of the Establishment Clause, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, and they are entitled to an award of nominal damages.

## SECOND CLAIM FOR RELIEF

### (First Amendment)

23.     Plaintiffs hereby incorporate by reference all above paragraphs.

24.     By reason of the aforementioned policy, practice, custom, acts and omissions, engaged in under color of state law, Defendants have unconstitutionally deprived Plaintiffs of their right to receive information and ideas, their right to learn, and their right to academic

7

freedom, which are guaranteed under the First Amendment to the United States Constitution, as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

25.     As a direct and proximate result of Defendants' violation of Plaintiffs' rights, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, and they are entitled to an award of nominal damages.

**WHEREFORE**, Plaintiffs ask this Court:

A)     to enter judgment declaring that Defendants violated the constitutional rights of Plaintiffs as set forth in this Complaint;

B)     to enter a permanent injunction enjoining Defendants' policy, practice, and/or custom of banning religious music within the school district;

C)     to award Plaintiffs damages for the past loss of their constitutional rights;

D)     to award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

E)     to grant such other and further relief as this Court should find just and proper.

Respectfully submitted this _16th_ day of December, 2004.

THOMAS MORE LAW CENTER

Robert J. Muise* (RM4002)

\* Subject to admission *pro hac vice*

AMERICAN CATHOLIC LAWYERS ASSOCIATION

Christopher A. Ferrara (CF7123)

*Local Counsel & Member of the Bar of this Court*