| | |
|---|---|
| MICHAEL STRATECHUK, individually and on behalf of his minor children,<br><br>     Plaintiff,<br><br>vs.<br><br>BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT; BRIAN F. O'LEARY, in his official capacity as Board President, Board of Education, South Orange-Maplewood School District; PETER P. HOROSHAK, in his official capacity as Superintendent, South Orange-Maplewood School District,<br><br>     Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>Civil No. 2:04-cv-6189 (WHW)<br><br>CIVIL ACTION |

**BRIEF OF DEFENDANTS IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

_____

       PURCELL, RIES, SHANNON,
        MULCAHY & O'NEILL
       One Pluckemin Way
       Post Office Box 754
       Bedminster, New Jersey 07921
       (908) 658-3800
       Attorneys for Defendants

On the Brief:
Kevin Kovacs, Esq.

1

**TABLE OF CONTENTS**

                                                                 **Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . .3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . .5

    A.    A MOTION TO DISMISS SHOULD BE
          GRANTED . . . . . . . . . . . . . . . . . 5

    B.    THE SCHOOL DISTRICT POLICY DOES
          NOT VIOLATE THE ESTABLISHMENT
          CLAUSE . . . . . . . . . . . . . . . . . .6

    C.    THE SCHOOL DISTRICT POLICY DOES
          NOT VIOLATE FREE SPEECH RIGHTS
          OF STUDENTS . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . .16

**TABLE OF AUTHORITIES**

Page

**CASES**

Bethel School District v. Fraser,
  478 U.S. 675 (1986) . . . . . . . . . . . . . . . . . .10,13

Bridenbaugh v. O'Bannon, 185 F.3d 796
  (7th Cir. 1999), cert. denied,
  529 U.S. 1003 (2000) . . . . . . . . . . . . . . . . . 7

Cohen v. Oasin, 863 F.Supp. 225
  (E.D. Pa. 1994) . . . . . . . . . . . . . . . . . . . .5

DeNooyan v. Livones Pub. School, 799 F.Supp.
  744 (E.D. Mich.), aff'd, 12 F 211
  (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . 15

Engle v. Vitale, 370 U.S. 421, 433-35 (1962) . . . . 7

Grand Rapids School District v. Ball,
  473 U.S. 373, 383 (1985) . . . . . . . . . . . . . . 7

Grove v. Mead School District, 753 F.2d 1528
  (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . 9

Hazelwood School District v. Kuhlmeier,
  484 U.S. 260 (1988) . . . . . . . . . . . . . . . . .12,13,14

Lemon v. Kurtzman, 403 U.S. 602, 612-613 (1971) . . .6, 7

Lynch v. Donnelly, 465 U.S. 668, 690 . . . . . . . . 7

McCollum v. Board of Ed., 333 U.S. 203,
  211-12 (1948) . . . . . . . . . . . . . . . . . . . .7

Nelson v. Temple University, 920 F.Supp. 633
  (E.D. Pa. 1996) . . . . . . . . . . . . . . . . . . .5

Pelozo v. Capistrano Unified School District,
  37 F.3d 517 (9th Cir. 1994) . . . . . . . . . . . . .10

School District of Abbington Twp. v. Schempp,
  374 U.S. 203, 215 (1963) . . . . . . . . . . . . 6,7,8,11

Schrob v. Catterson, 948 F.2d 1492
   (3d Cir. 1991) . . . . . . . . . . . . . . . . . . 5

Sechler v. State College Area School District,
   121 F.Supp. 2d 439 (M.D. Pa. 2000) . . . . . . . . 7

Settle v. Dickson County School Board,
   53 F.3d 152 (6th Cir. 1995) . . . . . . . . . . . 14,15

Smith v. Board of School Commissions,
   827 F.2d 684 (11th Cir. 1987) . . . . . . . . . . . 9

Stone v. Graham, 449 U.S. 39, 40-41 (1980) . . . . . . 6

Wallace v. Jaffree, 472 U.S. 38, 60 (1985) . . . . . 6, 7

Waltz v. Egg Harbor Twp. Bd. Of Ed.,
   342 F.3d 271 (3d Cir. 2004) . . . . . . . . . . . .15

Webster v. New Lenox School District,
   1989 U.S. Dist. Lexis 6091 (E.D. Ill. 1989) . . . .10

Wright v. Houston Independent School District,
   366 F.Supp. 1208 (D. Tex.), aff'd,
   486 F.2d 137 (5th Cir. 1972), cert. denied,
   417 U.S. 969 . . . . . . . . . . . . . . . . . . . 5

Zorach v. Clauson, 343 U.S. 314 (1952) . . . . . . . . 8


**RULES AND STATUTES**

20 U.S.C. §4071 et seq. . . . . . . . . . . . . . . . .8

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . .2, 5

**PRELIMINARY STATEMENT**

By this action, Plaintiff, Michael Stratechuk, a professed Christian, individually and on behalf of his minor children ("Plaintiff"), challenges the constitutionality of a school music policy implemented by Defendants, Board of Education, South Orange-Maplewood School District ("School District"), Brian F. O'Leary, in his official capacity as Board President of the School District, and Peter P. Horoshak, in his official capacity as Superintendent of the School District (collectively "Defendants"). The policy at issue provides specifically that religious music can only be used if it achieves specific goals of the music curriculum and that music programs prepared or presented by student groups as an outcome of the curriculum shall not have a religious orientation or focus on religious holidays. Plaintiff contends that the foregoing policy violates the Establishment Clause of the First Amendment of the United States Constitution in that it is hostile to religion, particularly Christianity, and violates the First Amendment rights of his children to receive information on and to learn about religious music, a right claimed to be encompassed within the First Amendment.

1

Defendants move herein to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Even assuming all facts pled in the Complaint as true for purposes of this motion, the policy at issue does not violate the First Amendment.  Specifically, the School District music policy is neutral and does not demonstrate hostility to any particular religion or religion in general.  The decision of what music to play in a local public school district as part of its curriculum is best left to the school board and not a Federal Court.

Moreover, Plaintiff's children have no First Amendment right to learn any particular subject.  Even broadly reading the Complaint to mean that Plaintiff's children are somehow deprived of the right to express themselves through playing religious music at school events, the claim still fails under long standing precedent.  School Districts are free to play religious music so long as it is done in the context of a neutral presentation for learning purposes. Likewise, if it so chooses, a School District may decide not to play any religious music at its school functions.

Plaintiff is not complaining that the policy favors one religion over another in its policy.  Nor is Plaintiff complaining that his children are denied an equal

2

opportunity to participate in extracurricular clubs or groups that involve religious activity. Moreover, Plaintiff is not complaining that his children were punished in any way for expressing any religious belief. Rather, Plaintiff is complaining only that the School District's neutral decision not to allow school sponsored music groups to play religious music is somehow unconstitutional and wants this Court to intervene to decide what music can and cannot be played at local school functions. Because Plaintiff's Complaint turns First Amendment jurisprudence on its head in this regard and utterly fails to state a claim for relief, the Complaint should be dismissed.

## STATEMENT OF FACTS

As is required in a Motion to Dismiss for Failure to State a Claim, Defendants accept as true all of the facts set forth in the allegations of Plaintiff's Complaint and the following facts are drawn from that pleading.

Plaintiff, Michael Stratechuk, is the father and legal guardian of two minor children who are students in the South Orange-Maplewood School District. One child is in ninth grade at Columbia High School and the other child is in the seventh grade a Maplewood Middle School. Plaintiff asserts in the Complaint that he is a Christian and a music

teacher at Hunter College Campus Schools in Manhattan, New York, who believes music is an essential component in the education of his children.

According to Plaintiff, in the 2004/2005 school year, the School District implemented a strict policy of banning all religious music from public schools in the District. According to the Complaint, the policy bars students and student groups from learning about, listening to and participating in a presentation of traditional Christmas music during curricular and co-curricular activities such as year end holiday concerts, assemblies and recitals. Specifically, Plaintiff complains that pursuant to the policy, students and student groups were not allowed to play traditional Christmas music at various events during the 2004 Christmas holiday season, that the Martin Luther King Gospel Choir was banned from performing at the Columbia High School holiday assembly and the Brass Ensemble was not allowed to perform traditional Christmas songs and carols including instrumentals.[1]

---

[1] The actual policy is attached to the Certification of Counsel as Exhibit A and is provided herein for the convenience of the Court.

## LEGAL ARGUMENT

### A. A MOTION TO DISMISS SHOULD BE GRANTED

Rule 12(b(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a Complaint for failure to state a claim upon which relief may be granted. Of course, on a motion to dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and plaintiff given the benefit of every favorable inference that can be drawn from the allegations. Schrob v. Catterson, 948 F.2d 1492 (3d Cir. 1991). A Complaint should be dismissed where such facts and inferences nevertheless are insufficient to support the relief sought. See, e.g., Nelson v. Temple University, 920 F.Supp. 633 (E.D. Pa. 1996); Cohen v. Oasin, 863 F.Supp. 225 (E.D. Pa. 1994). A motion to dismiss for failure to state a claim is an appropriate vehicle to dispose of a meritless Establishment Clause claim. See, e.g., Wright v. Houston Independent School District, 366 F.Supp. 1208 (D. Tex.), aff'd, 486 F.2d 137 (5th Cir. 1972), cert. denied, 417 U.S. 969.

In the case at hand, Plaintiff's claim that the School District's policy barring religious music in school sponsored events violates the First Amendment fails to state a claim for relief. Assuming all facts in the

5

Complaint to be true, Plaintiff does not have a cognizable constitutional cause of action and the Complaint should be dismissed.

### B.  THE SCHOOL DISTRICT POLICY DOES NOT VIOLATE THE ESTABLISHMENT CLAUSE

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion…."  This so-called Establishment Clause requires that a state "pursue a course of complete neutrality toward religion."  Wallace v. Jaffree, 472 U.S. 38, 60 (1985); School District of Abbington Twp. v. Schempp, 374 U.S. 203, 215 (1963).

To determine whether state action violates the Establishment Clause, the Supreme Court has developed three criteria, the failure to meet any one of which would render the action unconstitutional:  (1) the action must have a secular purpose; (2) its principal or primary effect must be one that neither advances or inhibits religion; and (3) it must not foster "an excessive governmental entanglement with religion."  Lemon v. Kurtzman, 403 U.S. 602, 612-613 (1971); Stone v. Graham, 449 U.S. 39, 40-41 (1980).  This Lemon test is particularly pertinent in cases involving the relationship of government and religion in the public school.  Grand Rapids School District v. Ball, 473 U.S.

6

373, 383 (1985).

In the case at hand, only the second criteria of the Lemon test, i.e., the "effect prong" appears applicable. The issue, therefore, is whether the School District's policy of barring religious music in school programs "in fact conveys a message of endorsement or … disapproval." Jaffree, 472 U.S. at 56 n 42 (quoting Lynch v. Donnelly, 465 U.S. 668, 690 (O'Connor J. concurring)). But neutrality does not itself equate to hostility toward religion  School District of Abbington v. Schempp, 374 U.S. 203, 225, 226 (1963); McCollum v. Board of Ed., 333 U.S. 203, 211-12 (1948); Engle v. Vitale, 370 U.S. 421, 433-35 (1962).

The vast majority of Establishment Clause jurisprudence in the public school setting has involved claims that the statute, policy or conduct of the public school unconstitutionally advanced religion.  These cases have involved matters such as prayer in school or at school sponsored events, Engle v. Vitale, 370 U.S. 421 (1962); school decorations celebrating a religious holiday, Sechler v. State College Area School District, 121 F.Supp. 2d 439 (M.D. Pa. 2000); or school closings on religious holidays, Bridenbaugh v. O'Bannon, 185 F.3d 796 (7th Cir. 1999), cert. denied, 529 U.S. 1003 (2000).  In the case at bar, Plaintiffs take the opposite tack.  Here Plaintiffs

7

complain that the School District's policy of strict neutrality through the ban of all religious music by school ensembles or at school events violates the Establishment Clause by sponsoring a message "of disapproval and hostility toward religion, including Christianity." (Complaint at ¶21).  Plaintiffs, however, will be hard pressed to find any support for their claim.

Indeed, while there is dicta in certain cases that a state may not affirmatively oppose or show hostility to a religion, see, e.g., Zorach v. Clauson, 343 U.S. 314 (1952); School District of Abbington v. Schempp, 374 U.S. 203, 225 (1963), there are no cases that come close to holding that an across the board ban on religious music in a public school curriculum offends the Establishment Clause.[2]

To the contrary, in cases where a school district has advocated a content neutral approach to curriculum, courts have routinely found no Establishment Clause violation. For example, challenges to neutral policies regarding textbook selection and course content have failed.

---

[2] The Court needs to draw the distinction between Establishment Clause cases and cases decided under the Equal Access Act, 20 U.S.C. §4071 et seq., which requires that public bodies provide equal access to its facilities. The latter cases are clearly not applicable to the present inquiry.

8

In Smith v. Board of School Commissioners, 827 F.2d 684 (11th Cir. 1987), the issue was whether "secular" textbooks advanced an antagonism toward theistic belief. The District Court had found that 44 texts used by the state unconstitutionally advanced secular humanism and inhibited Christianity. Id. at 688. The United States Court of Appeals for the 11th Circuit, however, reversed and held that the message conveyed by the textbooks toward religion was neutral. Id. at 692. Indeed, significant to the case at hand, the Smith Court found that the mere omission of certain facts regarding religion in textbooks neither advanced secular humanism nor evinced active hostility to religion. Id. at 694.

Similarly, in Grove v. Mead School District, 753 F.2d 1528 (9th Cir. 1985), the United States Court of Appeals for the Ninth Circuit found that including a book entitled "The Learning Tree" as part of a high school curriculum did not violate the Establishment Clause. Plaintiffs had contended that use of the book advanced secular humanism at the expense of fundamentalist Christianity. The Court found that the book was part of a group of religiously neutral books in the school's English literature course that did not constitute an establishment of religion. Id. at 1534.

9

In Peloza v. Capistrano Unified School District, 37 F.3d 517 (9th Cir. 1994), the United States Court of Appeals for the Ninth Circuit held that teaching evolution did not violate the Establishment Clause. Moreover, the prohibition of a teacher teaching creationism does not violate the Establishment Clause. Webster v. New Lenox School District, 1989 U.S. Dist. Lexis 6091 (E.D. Ill. 1989). These cases demonstrate that local school boards have wide latitude in the operation of public schools, including setting the curriculum. See, e.g., Bethel School District v. Fraser, 478 U.S. 675 (1986). The teaching of Peloza and Webster is that a school district may decide to include only a non-religious, scientific approach to a subject and to bar the inclusion of a religious based belief in its curriculum is not unconstitutional. The same may be said of a school board's decision regarding the content of its music selection for school functions.

In this instance, the local School District has decided to impose a policy of complete neutrality which bans playing all religious music at school sponsored events or as part of the school curriculum. This policy does not favor one religion over another. Nor can it be said that it is actively hostile to all religions.

While a school may be free under the Establishment Clause to teach students about the Bible in the context of a general philosophy course, the Establishment Clause does not <u>require</u> that the Bible be taught in any class. Likewise, closing school on Good Friday may be permissible under the Establishment Clause but not closing school for any religious holiday cannot reasonably be seen as a violation of the Establishment Clause.

Should Plaintiff succeed in requiring the School District to play religious music, there is no telling what would be next.  As the Supreme Court stated in <u>Abbington</u>:

> The breach of neutrality that is today a trickling steam may all too soon become a raging torrent and, in the words of James Madison, "it is proper to take alarm at the first experiment on our liberties." <u>Memorial and Remonstrances Against Religious Assessments</u>.

374 U.S. at 225.

    **C.**    **THE SCHOOL DISTRICT POLICY DOES NOT VIOLATE FREE SPEECH RIGHTS OF STUDENTS**

In Count Two, Plaintiff claims that the School District policy violates his children's First Amendment right "to receive information and ideas, their right to learn and their right to academic freedom…."  The short and simple response to this argument is that there is no First Amendment right to learn any particular subject. The First Amendment protects the right of free expression.  It does

11

not mandate dissemination of information which is at the heart of Plaintiff's theory.

Plaintiff's claim in this regard, read broadly, will be analyzed for purposes of this motion under the theory that the School Board policy violates a student's right to free expression. Defendants recognize that Plaintiff's Complaint does not neatly fit into this analysis but it is analogous in some respects and clearly demonstrates the weakness of Plaintiff's claim even giving the Complaint a broad and liberal reading.

Any analysis of a public school student's First Amendment rights should begin with <u>Hazelwood School District v. Kuhlmeier</u>, 484 U.S. 260 (1988). In that case, student editors of the school newspaper challenged the school principal's removal of two pages from the paper. The pages contained articles regarding school pregnancy and the impact of divorce on students. <u>Id.</u> at 263. The principal removed the pages to ensure the privacy of pregnant students discussed in the article (albeit the article used false names) and to avoid offending the parents criticized by a student in the divorce article who apparently were not given a right to respond. <u>Id.</u> The United States Court of Appeals had ruled that the principal's actions amounted to censorship which violated

12

the First Amendment rights of the students. Id. at 265.

The Supreme Court in Hazelwood initially pointed out that students' rights in public schools are not automatically co-extensive with the rights of adults. 484 U.S. at 266 (quoting Bethel, 478 U.S. at 682) The Court noted that the Constitutional rights of students must be applied in light of the special characteristics of the school setting. Id. The Hazelwood Court felt strongly that the appropriateness of speech in a classroom or school assembly "properly rests with the school board rather than the Federal Courts." Id. at 267.

In language that is particularly relevant to the case at hand, the Hazelwood Court stated as follows:

> The question whether the First Amendment requires a school to tolerate particular student speech…is different from the question of whether the First Amendment requires a school affirmatively to promote particular student speech. The former question addresses educators' ability to silence a student's personal expression that happens to occur on school premises. The latter question concerns educators' authority over school sponsored publications, theatrical productions or other expressive activities that students, parents and members of the public might reasonably perceive to bear the imprimatur of the school.

Id. at 270-271. The Court recognized that such expressive activities, supervised by faculty, could fairly be characterized as part of a curriculum. Id.

13

The <u>Hazelwood</u> Court distinguished between punishing student expression, from refusing to support dissemination of such expression. <u>Id.</u> at 272. The Court went on to reverse the Circuit Court of Appeals and held that the exercise of editorial control is not a violation of the First Amendment if reasonable. <u>Id.</u> at 273.

In the case at hand, the school music groups covered by the policy are similarly engaged in expressive activities like a theatrical production or school newspaper and these programs may fairly be seen as part of the school's curriculum. With all due respect, it should be left to the local school to decide song selection for its music groups, not the federal court. There is nothing unreasonable in a school board's decision to play sectarian music only. If playing religious music of one or more denominations runs the risk of offending members of the other denominations or nonbelievers, the local school board should be free to ban all religious music from its school sponsored productions.

In <u>Settle v. Dickson County School Board</u>, 53 F.3d 152 (6th Cir. 1995), the United States Court of Appeals for the Sixth Circuit upheld a teacher's refusal to allow a student to write a research paper on Jesus Christ. In rejecting plaintiff's claim that the ban violated the student's First

14

Amendment rights, the Court determined that the teacher's decision fell within the broad leeway of a teacher to determine the nature of curriculum and that federal courts should not interfere.  Id. at 156.

Plaintiff in this case has no more right to hear Christian music at a school concert or to play Silent Night at a school assembly than the plaintiff in Settle had the right to learn about and write a research paper about Jesus Christ for a public school class.  See also, DeNooyan v. Livones Pub. School, 799 F.Supp. 744 (E.D. Mich.), aff'd, 12 F 211 (6th Cir. 1993) (teacher's refusal to allow student to show videotape of herself singing a religious song did not violate First Amendment).

The Court of Appeals for this Circuit has dealt with the issue of a school ban on a student's right to distribute religious messages during school sponsored "seasonal" parties.  In Waltz v. Egg Harbor Twp. Bd. Of Ed., 342 F.3d 271 (3d Cir. 2004), the Court held that there was no deprivation of a student's First Amendment right by barring him from distributing candy canes with religious messages at classroom parties.  While plaintiff in Waltz was in kindergarten, and the Court was sensitive to the greater discretion given a public school in controlling expression among such young children, the principles

15

articulated are applicable in this case.

Nothing in the policy or anything alleged by Plaintiff violates the Equal Access Act. The policy at issue in this case merely bars such expression in school sponsored concerts. Accordingly, the policy does not infringe on Plaintiff's First Amendment rights.

### CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

                              Respectfully submitted,

                              s/ Kevin Kovacs

                              Kevin Kovacs

Dated:  May 16, 2005